Complainant instituted this suit to foreclose a mortgage held by it on the property of defendant, Pompton Sand and *Page 342 
Gravel Company. A final decree was entered, a fieri facias
issued, and the land was advertised for sale. The sale was adjourned and thereafter, but before the adjourned day, the sand and gravel company was decreed insolvent and a receiver appointed. The receiver is now before the court on order to show cause why the final decree should not be opened, and the receiver allowed to defend on the ground that the mortgage is void as against the creditors of the sand and gravel company.
The sand and gravel company was engaged in dredging sand and gravel on a large tract of land owned by it. The sand and gravel company was owned in part by a contracting corporation, the Dyer-Kane Company, and the balance of its stock was owned by the stockholders of the Dyer-Kane Company. The sand and gravel company was operated as a subsidiary of the Dyer-Kane Company, which over a period of years advanced large sums of money to the sand and gravel company so that it could continue its operations.
The mortgage in question was dated July 1st, 1929, and was executed on the 24th day of July, 1929. The circumstances were as follows:
The sand and gravel company was indebted in a large amount to the Dyer-Kane Company for advances, and the Dyer-Kane Company was indebted to complainant in approximately the same amount on transactions which had no relation to the sand and gravel company. A three-party agreement was entered into, whereby the debt of the sand and gravel company was assigned to complainant and the mortgage in suit given directly to complainant by the sand and gravel company.
It is contended on behalf of the receiver for the sand and gravel company that at the time of the execution of the mortgage it was insolvent, which is denied by the complainant. Affidavits have been submitted as to the circumstances surrounding the execution of the mortgage and as to the financial situation of the sand and gravel company. These affidavits are not conclusive either way, but I have concluded to allow *Page 343 
the receiver to defend the suit, as otherwise his rights would be barred by allowing the final decree of foreclosure to stand.
The figures from the books of the sand and gravel company show that it was certainly close to the verge of insolvency, if not over the line. The company had been doing business at a heavy loss for many years, and was dependent upon its parent company to enable it to continue. Its only hope of financial salvation seems to have been an increase in value of its real estate holdings. Its balance sheet at the time of the mortgage showed that its capital was substantially wiped out. It owed the Dyer-Kane Company approximately $50,000, and other creditors approximately $3,000, whereas its accounts receivable were listed at some $5,000. Considering as current obligations only those to others than the Dyer-Kane Company, there was nominally an excess of current assets above current liabilities, but the affidavits submitted show that the accounts receivable are probably listed at considerably more than their true value. The plant was shut down, even though temporarily, at the time of the execution of the mortgage, because of some necessary changes in location, and operations were resumed some months afterwards only to be entirely discontinued when the company's dredge was sunk. The company never received more than a nominal amount for its products after giving the mortgage, and until operations entirely ceased ran at a heavy loss.
Because of these circumstances I consider the receiver by the opening of the decree should have an opportunity to try the issue of the validity of the mortgage. *Page 344